```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE 1 et al., proceeding under a pseudonym,

                                  Plaintiff,

                -against-

UNITED STATES OF AMERICA,

                                  Defendant.

1:24-cv-1071 (MKV)

**OPINION & ORDER
DENYING MOTION TO
PROCEED ANONYMOUSLY**

MARY KAY VYSKOCIL, United States District Judge:

      Before the Court is the motion of Plaintiffs "Jane Does 1–12" to proceed in this action under a pseudonym. [ECF No. 4]. For the reasons set forth below, the motion to proceed anonymously is DENIED.

## BACKGROUND

      The name Jeffrey Epstein is well-known across the world. Epstein was an extremely wealthy and well-connected American financier, who in July 2019, was arrested for sex trafficking of children and conspiracy to traffic minors for sex. [ECF No. 1 ("Compl.") ¶ 88]. One month later, while in jail on the charges, Epstein died from an apparent suicide before the case could be prosecuted. Compl. ¶ 88. Plaintiffs "Jane Does 1–12" are currently proceeding anonymously and all allege that they were sexually abused in connection with Epstein's sex trafficking operation. Compl. ¶ 88. In sum and substance, Plaintiffs allege that for over two decades, the Federal Bureau of Investigation (hereinafter "FBI") allowed Epstein and others to sex traffic and sexually abuse children and young women by failing to investigate the reports, tips, and evidence it had of "rampant sexual abuse and sex trafficking by Epstein." Compl. ¶ 1.

      Plaintiffs initiated this action by filing a complaint, asserting a claim under the Federal Tort Claims Act, 18 U.S.C. §§ 1346 and 2671–80. Compl. ¶ 32. Plaintiffs subsequently filed an *ex*

*parte* motion for leave to proceed anonymously [ECF No. 4 ("Pl. Mem.")]. On March 4, 2024, the Court temporarily granted Plaintiffs' motion to proceed anonymously to allow further briefing on the motion. [ECF No. 7]. The Court directed Plaintiffs to serve copies of the Complaint and their motion to proceed anonymously on the Defendant and directed Defendant to respond to Plaintiffs' motion. [ECF No. 7].

Defendant filed a letter asserting it took "no position on Plaintiffs' motion," although it requested "two caveats." [ECF No. 10]. Defendant stated it "reserve[d] the right to reopen down the road the issue of whether Plaintiffs can continue proceeding anonymously" and requested that the Court set a deadline by which Plaintiffs' counsel must "privately disclose to [Defendant] the federal judicial district(s) in which each plaintiff resides." [ECF No. 10].

## LEGAL STANDARD

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). The Second Circuit has admonished that this Rule "cannot be set aside lightly." *Id.* at 189. "The people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Indeed, this "right is 'supported by the First Amendment.'" *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015)).

In limited circumstances, however, a district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks and citation omitted) (alteration adopted). The question for the district court is whether the plaintiff has a

"substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. (internal quotation marks and citation omitted). The district court must also consider the interests of the opposing party. *Id.* ("[T]he interests of both the public and the opposing party should be considered."). Moreover, Plaintiffs "seeking anonymity must base their allegations" about these competing interests "on more than just 'mere speculation.' " *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *United States v. UCB, Inc.*, No. 14-cv-2218, 2017 WL 838198, at *3 (S.D.N.Y. 2017)). The Second Circuit reviews the decision to grant or deny an application to litigate under a pseudonym for abuse of discretion. *United States v. Pilcher*, 950 F.3d 39, 41 (2d Cir. 2020).

## **DISCUSSION**

In arguing that they should be permitted to pursue their claim under pseudonyms, Plaintiffs stress that they bring allegations of sexual assault, which involve highly sensitive and personal matters. *See e.g.*, Pl. Mem. 4, 6, 9. Additionally, Plaintiffs argue that they are at serious risk of retaliatory harm because "the co-conspirators who participated in the Epstein sex-trafficking venture had—and continue to possess—tremendous wealth and power and have demonstrated a clear ability to cause them all serious harm." Pl. Mem. 4. They argue that "their safety, right to privacy, and security" ultimately outweigh the public interest in their identification and/or any prejudice to Defendant United States of America. Pl. Mem. 4–5.

In *Sealed Plaintiff v. Sealed Defendant*, the Second Circuit identified a "non-exhaustive" list of considerations that a district court should take into account when ruling on a motion to proceed anonymously. 537 F.3d at 189. The *Sealed Plaintiff* factors are: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiffs] or even more critically, to

3

innocent non-parties"; (3) "whether identification presents other harms"; (4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of [her] age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity"; (9) "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 190 (internal quotation marks and citations omitted) (alterations adopted). A district court is not required to list each of the factors or "use any particular formulation" provided that it "balance[s] the interests at stake." *Id*. at 191 n.4.

With respect to the first factor delineated in *Sealed Plaintiff*, Plaintiffs here allege that due to the FBI's failure to take appropriate action to investigate Epstein, they continued to be "sexually abused, raped, assaulted, tormented, violated, harassed, [and] intimidated," among other trauma. Compl. ¶ 16, 109. The Court agrees that Plaintiffs' allegations of sexual assault are "highly sensitive and of a personal nature," and, thus, the first factor of *Sealed Plaintiff* weighs in favor of anonymity. *See, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405; *Doe v. Townes*, No. 19-CV-8034, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020). However, this factor is not dispositive. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406; *Townes*, 2020 WL 2395159, at *3. Courts in this district have explained that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (citing *Doe v. Shakur*, 164 F.R.D. 359, 361–62 (S.D.N.Y. 1996) (collecting cases)). Indeed, courts have denied motions to proceed under a pseudonym in similar circumstances. *See*

4

*e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (denying the motion despite finding that the plaintiff's allegations of sexual assault were "highly sensitive and of an extremely personal nature"); *Townes*, 2020 WL 2395159, at *3, 6, 7 (denying motion despite finding that first *Sealed Plaintiff* factor weighed in favor of anonymity based on "graphic and serious" allegations of a "history" of sexual abuse); *Shakur*, 164 F.R.D. at 361 (denying motion despite finding that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" and "has very legitimate privacy concerns").

The second factor of *Sealed Plaintiff* is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiffs] or even more critically, to innocent non-parties." 537 F.3d at 190. The third factor of *Sealed Plaintiff* is similar to the second. The Court must consider whether identification presents "other" severe harms. 537 F.3d at 190. Plaintiffs argue that these factors weigh in favor of anonymity because "identification poses a further risk of mental harm." Pl. Mem. 7. They assert that their experiences are "deeply traumatic" and "[p]laying out those experiences in a public forum would retraumatize them." Pl. Mem. 7. Specifically, they argue that "certain Plaintiffs have sought out mental health treatment in connection with the abuse described in the complaint and would certainly experience additional significant harm if [they are] forced to reveal [their] identity to the public." Pl. Mem. 8.

However, Plaintiffs' allegations of potential harm are too speculative and insufficient to outweigh the presumption in favor of openness in judicial proceedings. "The risk of psychological injury stemming from identification is a cognizable harm that can serve as a legitimate basis for proceeding anonymously." *Doe v. Solera Capital LLC*, 18-cv-1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019). However, the potential injury alleged must be more than "mere embarrassment" or "social stigmatization." *Id.*; *see also Abdel-Razeq v. Alvarez & Marsal, Inc.*,

5

No. 14-cv-5601, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015) ("[T]he potential for embarrassment or public humiliation does not, without more, justify a request for anonymity."). For example, a court in this Circuit allowed a plaintiff to proceed anonymously when she "provided specific evidence from medical professionals predicting that revelation of her identity would likely 'cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life.' " *Id.* (quoting *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999)). The Court acknowledges Plaintiffs' allegation, in the Complaint, that as a result of Defendant's purported *negligence*, they suffered, *inter alia*, "post-traumatic stress disorder, insomnia, anxiety, shock, fear, nightmares, shame, embarrassment, loss of enjoyment of life, flashbacks, [and] need for future medical and psychiatric expenses." Compl. ¶ 109. These have, apparently, already occurred. However, nothing in the Complaint nor Plaintiffs' motion reference "[t]he risk of psychological injury *stemming from identification*." *Doe*, 2019 WL 1437520, at *4.

Moreover, Plaintiffs "must base their allegations" of mental harm "on more than just 'mere speculation.' " *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *UCB, Inc.*, 2017 WL 838198, at *3). Indeed, a court in this District explained that, although a plaintiff specifically alleged that she suffered from post-traumatic stress disorder and that her condition would be exacerbated by disclosure of her identity, the plaintiff did not provide "any medical corroboration," and the court could not "speculate" about the nature and severity of any mental injury from disclosure. *Solera Capital LLC*, 2019 WL 1437520, at *4; *see Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406 (explaining that, because "speculative claims of . . . mental harms are insufficient," "courts have suggested that a plaintiff should submit medical documentation").

Plaintiffs broadly argue that if their identities were publicly disclosed, they "would certainly experience additional significant harm" and "retraumatize them." Pl. Mem. 7–8. Without

6

corroboration from medical professionals, however, their general allegations of potential trauma are "mere speculation" about a potential and conclusory risk of psychological injury that cannot support their motion to proceed anonymously. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *UCB, Inc.*, 2017 WL 838198, *3).  Likewise, the declaration of Plaintiffs' counsel which states, "I represent to the court that certain Plaintiffs have sought mental health treatment in connection with the abuse described in Plaintiffs' complaint," falls short of the "medical corroboration" necessary to support a motion to proceed anonymously.  [ECF No. 4-2]; *Solera Capital LLC*, 2019 WL 1437520, at *4.

      Plaintiffs also briefly allude to a concern of retaliatory harm because the co-conspirators who participated Epstein's trafficking operation had, and continue to possess, "tremendous wealth and power and have demonstrated a clear ability to cause them all serious harm."  Pl. Mem. 4.  However, Plaintiffs' unsupported theory that unspecified and unknown alleged "co-conspirators" may cause them "serious harm" is too speculative to support their motion.  Moreover, this action is *not* brought against Epstein's estate or any other alleged co-conspirator.  This action is brought against the United States of America.  While the Court hardly thinks such a warning is necessary, the Court admonishes counsel for the United States, to refrain from any action that would substantiate this allegation.  As in any action, any effort to tamper with any party or witness in this case will be met with severe consequences.

      Additionally, the Court notes that even when a defendant's "notoriety will likely cause [a] case to attract significant media attention," plaintiffs' concerns about "public humiliation and embarrassment" generally are "not sufficient grounds for allowing [them] to proceed anonymously."  *Shakur*, 164 F.R.D. at 362 (denying a motion to proceed under a pseudonym brought by an alleged sexual assault victim, notwithstanding the fame and notoriety of the alleged

perpetrator, the rapper Tupac Shakur, and the media attention her case was likely to attract). Instead, as the Court explains below, the public's interest in allegations against Epstein (a widely-known figure) including the identities of his accusers, weigh against granting Plaintiffs' motion.

Finally, with respect to the second factor, courts are especially concerned with "innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190; *see also Solera Capital LLC*, 2019 WL 1437520, at \*4. Plaintiffs do not contend that their identification poses a risk of harm to any innocent non-parties. Accordingly, the Court finds that Plaintiffs allegations of potential harm are insufficient to justify anonymity.

The fourth factor of *Sealed Plaintiff* is "whether the plaintiff is particularly vulnerable," "particularly in light of [her] age." 537 F.3d at 190. Plaintiffs do not allege that they are currently minors, nor do they provide any allegation with respect to their age more generally in their Complaint. While the Complaint very broadly states that "[a]ll causes of action arose from 1996 and continued until 2019," the Complaint provides no insight into how old the Plaintiffs were when the alleged abuse occurred. As such, Plaintiffs have not identified any reason for the Court to treat them as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny. Moreover, Plaintiffs do not raise this factor in support of their motion. Thus, the fourth factor weighs against Plaintiffs' request to proceed under a pseudonym. *See Townes*, 2020 WL 2395159, at \*5.

The fifth factor of *Sealed Plaintiff* is "whether the suit is challenging the actions of the government or that of private parties." 537 F.3d at 190. Indeed, courts are less inclined to grant a motion to proceed under a pseudonym when the suit involves only private parties. *Townes*, 2020 WL 2395159, at \*5. Plaintiffs bring this suit against the United States of America. Therefore, this factor weighs in favor of Plaintiffs' motion.

The sixth factor of *Sealed Plaintif* is "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously." 537 F.3d at 190. Plaintiffs argue that the United States would not be prejudiced if Plaintiffs litigate their claim anonymously because "[t]his is not a case in which the Defendant will not know the Plaintiffs' identity." Pl. Mem. 8. Specifically. Plaintiffs state that counsel "will confidentially disclose Plaintiffs' name[s] to counsel for the Defendants." Pl. Mem. 8. They argue that, as a result, "Plaintiffs' anonymous status will not impact any aspect of Defendant's ability to take discovery." Pl. Mem. 8 (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001)).

The Court does not accept Plaintiffs' "mere speculation," *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *UCB, Inc.*, 2017 WL 838198, *3), that proceeding under pseudonyms "will not impact any aspect of Defendant's ability to take discovery." Pl. Mem. 8. For example, the United States may need to disclose Plaintiffs' names to at least some third parties if the United States intends to take non-party depositions. Moreover, "this unorthodox arrangement still runs against the public's traditional right of access to judicial proceedings." *Michael v. Bloomberg L.P.*, 14-cv-2657, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015) (denying a motion to proceed under a pseudonym where the plaintiff "ha[d] offered to disclose his true identity to [the defendant], as long as it remain[ed] under seal"). Thus, this factor does not weigh in favor of Plaintiffs' motion to proceed anonymously.

The seventh factor of *Sealed Plaintiff* is "whether the plaintiff's identity has thus far been kept confidential." 537 F.3d at 190. Plaintiffs state that they "have taken steps to keep their identity confidential." Pl. Mem. 8. For example, Plaintiffs assert that "they have not spoken publicly about the incidents that underly the causes of action." Pl. Mem. 8. Assuming that Plaintiffs have kept their identities confidential thus far, the Court nonetheless finds that the

9

balance of interests weighs against granting Plaintiffs' motion. Again, courts are open forums to which the public has a right of access. Plaintiffs cannot expect to litigate their claim in court without the underlying facts of the case, including their identities, being accessible to the public. *Shakur*, 164 F.R.D. at 361. Thus, the seventh factor weighs somewhat less strongly in favor of Plaintiffs, while many of the other factors weigh against anonymity.

The eighth factor of *Sealed Plaintiff* is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." 537 F.3d at 190. The ninth factor is "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities." *Id*. These factors clearly weigh against Plaintiffs. As a rule, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Shakur*, 164 F.R.D. at 361. There is great public interest in not only the allegations against Epstein, but also in the identities of his accusers, and the government's investigation into his sex trafficking operation. In other words, this is not a case that involves "abstract challenges to public policies, but rather . . . particular actions and incidents." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12-cv-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012).

Thus, "open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Id.* Indeed, it is the kind of case that "further the public's interest in enforcing legal and social norms." *Id.*; *see also, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. Plaintiffs argue that the public "has a [] greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim." Pl. Mem. 9. Plaintiffs go on to urge that "the sensitive and personal nature of Plaintiff's [sic] allegations of sexual assault and the likelihood

10

of further psychological injury overcomes any presumption of openness." Pl. Mem. 9. "It may be, as plaintiff[s] suggest[], that victims of sexual assault will be deterred from seeking relief through civil suits if they are not permitted to proceed under a pseudonym. That would be an unfortunate result. For the reasons discussed above, however, plaintiff[s] and others like [them] must seek vindication of their rights publicly." *Shakur*, 164 F.R.D. at 362. Thus, the Court finds that factors eight and nine weigh against anonymity.

The tenth and final factor of *Sealed Plaintiff* is whether any alternative mechanisms could protect the plaintiffs' interests in confidentiality. 537 F.3d at 190. Plaintiffs do not address this factor at all in their motion papers. In any event, Plaintiffs can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, *see Doe v. Berg*, No. 15-CV-9787 (RJS), 2016 WL 11597923, at *2 (S.D.N.Y. Feb. 10, 2016), or a protective order, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. Accordingly, factor ten weighs against Plaintiffs' motion.

Ultimately, the Court finds that the balance of interests at stake weigh against granting Plaintiffs' motion to proceed anonymously. The fundamental question is whether Plaintiffs have a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. The Court finds that Plaintiffs do, of course, have a vested interest in keeping their identities private, and some of the *Sealed Plaintiff* factors weigh in Plaintiffs' favor, particularly given the highly sensitive and personal nature of the allegations at issue. However, those findings are not dispositive. Moreover, other factors weigh heavily against anonymity. Plaintiffs have invoked the public forum of litigation in which there is a strong presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). On balance, the Court finds that

Plaintiffs have not provided sufficient justification to overcome the people's right to know who is using their courts. *See id.*

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to proceed anonymously is DENIED without prejudice. On or before May 20, 2024, Plaintiffs shall file an Amended Complaint properly suing in the names of the individual Plaintiffs. The Clerk of Court is respectfully requested to terminate docket entry 4.

**SO ORDERED.**

**Date:   April 30, 2024**
         **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**