UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE DOE 1, JANE DOE 2, JANE DOE 3,
JANE DOE 4, JANE DOE 5, JANE DOE 6,
JANE DOE 7, JANE DOE 8, JANE DOE 9,
JANE DOE 10, JANE DOE 11 and JANE DOE
12

                Plaintiffs,              Civil Action No. 1:24-cv-01071

    v.

UNITED STATES OF AMERICA

               Defendant.
------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY PURSANT TO FRCP RULE 10(a)


**MERSON LAW, PLLC**
Jordan Merson, Esq. (JM- 7939)
Jennifer Plotkin, Esq. (JP-2121)
Nathan Werksman, Esq.(5878616)
950 Third Avenue, 18th Fl
New York, NY 10022
Telephone: (212) 603-9100
Fax : (347)- 441-4171
jmerson@mersonLaw.Com
jplotkin@mersonlaw.com
nwerksman@mersonlaw.com
Counsel for Plaintiffs

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii
INTRODUCTION ................................................................................................................... 1
FACTUAL BACKGROUND .................................................................................................. 1
ARGUMENT ........................................................................................................................... 2
   I. THE APPLICABLE STANDARD ................................................................................ 2
   II.   PLAINTIFFS SHOULD BE PERMITTED TO PROCEED ANONYMOUSLY .............. 4
      A. This Litigation Involves Matters That are Highly Sensitive and of a Personal Nature. .... 6
      B. Plaintiffs' Identification Would Incur the Injury Litigated Against. ................................ 9
      C. Defendant Will Not be Prejudiced by Allowing Plaintiff to Pursue Her Claims Anonymously. ...................................................................................................................... 11
      D. Plaintiffs Have Kept Their Identity Confidential. ............................................................. 11
      E. The Public Will Not be Prejudiced if Plaintiffs Proceed Anonymously. ......................... 12
      F. Allowing Plaintiffs to Proceed Anonymously Furthers the Public Interest. .................... 12
      G. Allowing Plaintiffs to Proceed Anonymously is Consistent with How Other Courts Are Allowing Other Epstein Victims to Proceed. ........................................................................ 10
CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Doe 1 v. Deutsche Bank AG*, 22-cv-10018 (S.D.N.Y.) ...........................2, 4, 10
*Doe 1 v. JPMorgan Chase Bank, N.A.*, 22-CV-10019 (S.D.N.Y) ...............2, 4, 10
*Doe 1 v. McAdam Fin. Grp. LLC*, 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022) ............5
*Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358 (D. Or. 2008) .............6, 7
*Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006) ................................4
*Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869 (7th Cir. 1997) ........4
*Doe v. Cabrera*, 307 F.R.D. 1 (D.D.C. 2014) .....................................5
*Doe v. Colgate Univ.*, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) ...................5
*Doe v. Diocese Corp.*, 647 A.2d 1067 (Conn. 1994) ............................6, 7
*Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001) ..................................14
*Doe v. Indyke*, 19 Civ. 7773 (ER) (S.D.N.Y.) .................................4, 11
*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) ............................6, 7, 9
*Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) ...........................4, 6, 7
*Doe v. Smith*, 189 F.R.D. 239 (E.D.N.Y. 1998) ..................................2
*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) .....................................9
*EW v. New York Blood Center*, 213 F.R.D. 108 (E.D.N.Y. 2003) ...................2, 10
*Govt. of the U.S. Virgin Islands against JPMorgan Chase N.A.*, 1:22-cv-10904 (S.D.N.Y) ....1
*Jane Doe v. Govt. of the U.S. Virgin Islands*, 23-cv-10301 (S.D.N.Y.) ...............2, 4, 11
*Roe v. Borup*, 500 F. Supp. 127 (E.D. Wis. 1980) ..............................6, 7
*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) ....................2, 3
*Southern Methodist v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) ....................7
*Trooper 1 v. N.Y. State Police*, 1:22-cv-00893 (E.D.N.Y) ...........................5

**Statutes**

The New York Adult Survivor's Act ("ASA"), Civil Practice Law & Rules §214- j ........14

**INTRODUCTION**

Plaintiff Jane Does 1 -12 (hereafter as "Plaintiffs"), by and through their undersigned counsel, hereby files this Second Memorandum of Law in Support of their Motion for Leave to Proceed Anonymously Pursuant to Federal Rule of Civil Procedure ("FRCP") 10(a) (the "Motion").

**FACTUAL BACKGROUND**

At the outset, several of the Jane Does were 13 and 14 years old when they were sexually abused and raped by Jeffrey Epstein.  The other Jane Does were young women ranging in age from 17 to early twenties.  The abuse was and continues to be psychological, physical and traumatic. Many of the family members of the Jane Does do not know of the abuse. If the identity of the Jane Does were to be exposed to the world, the impact of such would be devastating to family members and traumatizing to Plaintiffs. The ripple effect would be catastrophic. Many of the Jane Does have gone on to have children of their own who are unaware of the abuse.  It goes without saying that it would be highly disturbing for the children of the victims to learn from the media that their mothers were sexually abused.

We are concerned child pornography will be  involved in this case and as such, it would be highly disturbing for the victims' names to be publicized when there are known indecent images of them taken during their abuse.  In the case of the *Government of the United States Virgina Islands against JP Morgan Chase N.A.*, Case No. 1:22-cv-10904(JSR) the parties advised Justice Rakoff that the Epstein Estate had on March 14, 2023, discovered new videos and photographs which might contain child sex abuse imagery ("CSAM").  The Plaintiffs have not seen the photographs, media or imagery, however, the Plaintiffs herein are deeply concerned that images were of them. The Plaintiffs fear that if their names are released, correlation of their public names

1

with the photographs and potential child pornography would have a devastating impact on them and their families.

The Plaintiffs are using a pseudonym to protect the highly sensitive and personal nature of this matter, which involves sexual assault and child molestation. Judges in the Southern District of New York have granted similar motions to proceed anonymously in other Epstein cases. *See e.g. Jane Doe v. Government of the United States Virgin Islands,* 23-cv-10301; *Doe 1 v. JPMorgan Chase Bank, N.A.*, 22-CV-10019; *Doe 1 v. Deutsche Bank AG*, 22-cv-10018.

The Plaintiffs have taken great measures to keep their names private. The Plaintiffs' right to privacy, and security outweigh the public interest in their identification and their legitimate concerns outweigh any prejudice to Defendant by allowing them to proceed anonymously. In fact, the Defendant was provided with the names, addresses, dates of birth and phone numbers of the Jane Does. The Defendant takes no position to Plaintiffs proceeding anonymously. Accordingly, Plaintiffs Jane Does 1-12 file this second Motion to Proceed Anonymously.

## ARGUMENT

### I. THE APPLICABLE STANDARD

A district court has the discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit plaintiffs to proceed under a pseudonym. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (internal quotation marks and citation omitted) (alteration adopted); *EW v. New York Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Doe v. Smith,* 189 F.R.D. 239, 242 (E.D.N.Y. 1998), *vacated on rehearing and modified on other grounds,* 105 F.Supp.2d 40, 45 (E.D.N.Y. 1999). When deciding whether a plaintiff should be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the

defendant. *See id.* at 189–90. In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (internal quotation marks, citations, and alterations omitted). A district court is not required to list each of the factors or use any particular formula as long as the court balances the interests at stake in reaching its conclusion. *See id.* at 191, n.4. Here, the balance of these interests clearly

3

favor granting Plaintiffs' request consistent with the manner in which other courts have and are currently handling similar cases against the same Defendants.

**II.     PLAINTIFFS SHOULD BE PERMITTED TO PROCEED ANONYMOUSLY**

Under the applicable standards used by courts within this jurisdiction, including the Order most recently granted by this Court in this case of *Jane Doe v. Government of the United States Virgin Islands*, 1:23-cv-10301, and for the reasons set forth below, Plaintiffs should be permitted to proceed anonymously in this litigation. Plaintiffs' interest in anonymity far outweighs any public interest in disclosure.

### A. This Litigation Involves Matters That are Highly Sensitive and of a Personal Nature.

As to the first factor, Plaintiffs' claims concern brutal sexual assault and rape, and accordingly, are highly sensitive and of a personal nature. In similar circumstances, courts have recognized the need to protect the identity of sexual assault victims. *See e.g. Doe* v. *Smith* 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (allowing victim of sexual abuse to proceed anonymously); *see also Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869 (7th Cir. 1997) (recognizing rape victims as entitled to anonymity). Indeed, in the "Epstein cases" against J.P. Morgan and JPMorgan Chase Bank that were litigated in this District last year, those plaintiffs were permitted to proceed anonymously for this, among other, reasons. *See Doe 1 v. JPMorgan Chase Bank, N.A.*, 22-CV-10019 (JSR) (S.D.N.Y.); *Doe 1 v. Deutsche Bank AG.,* 22-CV-10018 (JSR), 2023 WL 3167633 (S.D.N.Y.); *Doe v Indyke*, 19 Civ. 7773 (ER) (S.D.N.Y.).  See also *Jane Doe v. Leon Black,* 23-cv-6418.  The sexual assault allegations at the center of this dispute are undoubtedly of a highly sensitive and personal nature and "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

4

An action need not involve rape or sexual assault specifically to permit a plaintiff to proceed as Jane Doe. *See Trooper 1 v. N.Y. State Police*, 1:22-cv-00893, ECF No. 37. In *Trooper 1*, the court held:

> Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high profile nature of the case, having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identify, which weighs in favor of permitting Plaintiff to continue anonymously.

*Id.* (citations and quotations omitted). Here, given the well-known media attention, it would undoubtedly create a "chilling effect" on future Plaintiffs in similar circumstances should Jane Does 1-12 be forced to disclose their identifies. *See, e.g., Doe v. Colgate Univ.,* No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations."); *Doe v. Cabrera,* 307 F.R.D. 1, 7 (D.D.C. 2014). See also *Doe 1 v. McAdam Fin. Grp. LLC*, No. 22 Civ. 00113 (GHW) (SN), 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022).

As for the second factor, identification poses a serious risk of mental harm to the Plaintiffs and innocent non-parties. Annexed hereto in support of the motion is the medical Declaration of Dr. Craig Katz who opines that Plaintiffs will experience mental anguish because of identification. See Decl. of Dr. Katz as Exhibit 1. If this Court denies proceeding anonymously, it will cause mental damage, fear, trauma to the Plaintiffs and their family members and innocent parties.

Undoubtedly, given the claims in this case, identification of the Plaintiffs will result in the press publishing their names in the global news. The psychological damage is more than mere

embarrassment or social stigmatization. Rather, Plaintiffs will suffer severe psychological injury because of seeing their names in news articles associated with their abuser, exposed to the world. *See Doe 140 v. Archdiocese of Portland in Or.,* 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"). When disclosure of a party's identity could cause further injury, anonymity is routinely permitted. *See Doe v. Smith,* 105 F. Supp. 2d at 44 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); *Doe v. Diocese Corp.,* 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); *Roe v. Borup*, 500 F. Supp. 127 (E.D. Wis. 1980)

In this case, the filing of this lawsuit has garnered significant attention in the press and if their identity is revealed to the public, there is little doubt that they would be inundated with unwanted attention from the media that would cause her extreme psychological distress. For such a private and sensitive matter, Plaintiffs would be re-living, the abuse at the hands of Epstein which could have been prevented by the Government. Their names being broadcasted on global television will certainly result in serious mental injury. <u>Dr. Katz Decl. as Exhibit 1</u>.

Further, this Court previously compared this case involving Jeffrey Epstein to a lawsuit against Tupac Shakur, a west coast rapper from the 1990s. This Court reasoned that in both cases the notoriety will likely cause a case to attract significant media attention and that public humiliation and embarrassment are generally not sufficient grounds for allowing [them] to proceed anonymously. *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) Here, none of the Plaintiffs have gone public, done interviews, or appeared on a talk show as the plaintiff did suing Tupac Shakur. Further, here, the defendant is the United States of America, and reputation is not at issue. In fact,

6

the Court noted in *Doe v. Tupac Shakur,* that "whether the defendant is a governmental entity or a private defendant is significant because governmental bodies do not share the concerns about 'reputation' that private individuals have been they are publicly charged with wrongdoing." *Shakur*, 164 F.R.D. at note 1 (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Given this, the first and second factors clearly weigh in the favor of Plaintiffs' request to proceed under a pseudonym.

### B. Plaintiffs' Identification Would Incur the Injury Litigated Against.

The third factor is similarly satisfied in favor of granting anonymity, as Plaintiffs' identification poses a further risk of mental harm. Unquestionably, Jane Does 1-12 experiences, as described in the Complaint, are deeply traumatic. Playing out those experiences in a public forum would retraumatize them; this, too, can hardly be disputed. *See e.g., John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact."). Where disclosure of a party's identity could cause further injury, anonymity is routinely permitted. *See Doe*, 105 F. Supp. 2d at 44 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); *Doe v. Diocese Corp.,* 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); *Roe v. Borup,* 500 F.Supp. 127, 130 (E.D. Wis. 1980)(allowing plaintiffs to proceed anonymously where they alleged defendants "have already caused [plaintiffs] significant psychological harm" and that the use of fictious names would "shield the plaintiffs from further harm.").

In this case, certain Plaintiffs have sought out mental health treatment in connection with the abuse described in the complaint and would certainly experience additional significant harm if she is forced to reveal her identity to the public. Dr. Katz Decl. as Exhibit 1.

As for the fourth factor, the Plaintiffs herein are particularly vulnerable and endured rape and sexual abuse by a powerful man. Several of the Jane Does were children, under the age of 18, and as young as 13. The Defendant has been provided with the dates of abuse and the dates of birth of each Jane Doe. As declared by Dr. Craig Katz, enduring rape and sex abuse at any age causes extreme trauma. Epstein preyed on a particular type of female who was vulnerable and publication of their identifies would be further exploitation of their vulnerability. As such the fourth factor is satisfied for proceeding under a pseudonym.

As for the fifth factor, the Court previously acknowledged that a government defendant does not risk challenges to a private reputation and therefore, this factor is satisfied in favor of the Plaintiffs proceeding anonymously.

### C. Defendant Would Not be Prejudiced by Allowing Plaintiffs to Pursue Their Claims Anonymously.

As for the sixth factor, the Defendant would not be prejudiced if Plaintiffs litigate their claim anonymously. Defendant has not opposed the motion to proceed anonymously. The names, addresses, dates of birth, and phone numbers were given to the Defendant. The defendant has been given the identity of each corresponding Jane Doe. The Defendant has not argued it will impact the ability to take discovery. There is no concern about the Defendant being able to conduct discovery if Plaintiffs can proceed anonymously. Defendant will have access to Plaintiff's discoverable information and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with the Rules of Civil Procedure, and obtain any and all documents. There is neither potential prejudice to the Defendant nor a possibility of confusion of

8

identities. As such, Defendant will suffer no prejudice if Plaintiffs are to pursue her claims under the Jane Does pseudonym. As such, the sixth factor is satisfied in favor of Plaintiffs.

### D. Plaintiffs Have Kept Their Identity Confidential.

As for the seventh factor, Plaintiffs have taken steps to keep their identity confidential. For example, they have not spoken publicly about the incidents that underly the causes of action. The Court previously referred to the lawsuit against Tupac Shakur, however none of the Jane Does herein have given television interviews or spoken to the press. To the contrary, Plaintiffs have hidden from the press. The Court in *Shakur* referenced that the plaintiff conceded that the press had known her name for some time and had been aware of her residence and place of employment. That is not the case herein, and therefore the seventh factor is satisfied.

### E. The Public Will Not be Prejudiced if Plaintiffs Proceed Anonymously.

As for the eighth and ninth factor, "party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981) (holding that plaintiff suing government was entitled to proceed anonymously). "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Id.* Rather, the public has a far greater interest in knowing why the FBI and the United States Government turned a blind eye to the victims than any interest in knowing the specific identity of a victim. There is a far greater interest in the public knowing why sex trafficking reports were "swept under the rug" as referenced by a Senator. With the internet and social media, the identification of the names of the victims would be exposed to the world resulting in serious violation of privacy of the victims, some of whom were 13 and 14 years old at the time of the abuse.

In *EW v. New York Blood Center,* 213 F.R.D. 108 (E.D.N.Y. 2003), the court held that the privacy rights of a patient who brought suit against a blood bank after receiving a tainted blood transfusion outweighed any First Amendment interest in access to her name. The court noted, "[t]he modern invention of today includes access to court files by those surfing the Internet. The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." *Id.* at 113.

In this case, the sensitive and personal nature of Plaintiff's allegations of rape, sexual assault and the likelihood of further psychological injury overcomes any presumption of openness.

### F. Allowing Plaintiffs to Proceed Anonymously Furthers the Public Interest.

Allowing Plaintiffs to proceed anonymously furthers the public interest because it will permit the truth to be revealed and protect all sexual assault victims. Should the Plaintiffs identity be revealed to the world, it would have the opposite effect and result in victim shaming and deterrence of coming forward after being sexually abused. In *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001), the plaintiff requested the court allow plaintiff to proceed anonymously. As here, the plaintiff in *Evans* was a victim of sexual abuse. In considering the public interest, the court determined that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id.* at 176. *See also*, The New York Adult Survivor's Act ("ASA"), Civil Practice Law & Rules §214- j.  As such the ninth factor is satisfied.

### G. Allowing Plaintiffs to Proceed Anonymously is Consistent with How Other Courts Are Allowing Other Epstein Victims to Proceed.

In addition, federal and state courts have allowed plaintiffs to proceed anonymously in cases that also involved allegations of sexual abuse perpetrated by Epstein. *Doe 1 v. JPMorgan Chase Bank, N.A.*, 22-CV-10019 (JSR) (S.D.N.Y.); *Doe 1 v. Deutsche Bank AG.*, 22-CV-10018

10

(JSR), 2023 WL 3167633 (S.D.N.Y.); *Doe v. Indyke*, 19 Civ. 7773 (ER) (S.D.N.Y.); *Doe 1 v. Government of Virgin Islands,* 23-CV-10301 (S.D.N.Y.). Thus, allowing Plaintiffs to proceed anonymously is in accord with the Southern District of New York's precedent holding that sexual abuse victims of Jeffrey Epstein should be allowed to proceed as a Jane Doe and that neither defendants nor the public are prejudiced by permitting same.

As for alternative mechanisms for maintaining privacy, the Government has been provided with the names, addresses, dates of birth and all identifying information. The Government has represented that they take no position on the motion.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs' Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and appropriate.

Dated: May 15, 2024  
       New York, New York

Respectfully Submitted,

By: _____  
Jordan K. Merson, Esq. (JM-7939)  
Jennifer C. Plotkin, Esq. ( JP- 2121)  
Nathan Werksman, Esq.  
*Attorneys for Plaintiffs*  
Merson Law, PLLC  
950 Third Avenue, 18th Floor  
New York, NY 10022  
Phone: (212) 603-9100  
Email: jmerson@mersonlaw.com;

11