USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE 1 et al., proceeding under a pseudonym,

                        Plaintiff,

-against-

UNITED STATES OF AMERICA,

                        Defendant.

1:24-cv-1071 (MKV)

**OPINION & ORDER
DENYING RENEWED
MOTION TO PROCEED
ANONYMOUSLY**

MARY KAY VYSKOCIL, United States District Judge:

      This case arises from the alleged sex trafficking scheme run and operated by the now-deceased American financier, Jeffrey Epstein. [ECF No. 1 ("Compl.") ¶ 88]. Plaintiffs "Jane Does 1–12" allege that they were sexually abused in connection with Epstein's sex trafficking operation. Compl. ¶ 88. Plaintiffs initiated this action against the Federal Bureau of Investigation (hereinafter "FBI"), asserting a claim under the Federal Tort Claims Act, 18 U.S.C. §§ 1346 and 2671–80. Compl. ¶ 32. Specifically, Plaintiffs allege that for over two decades, the FBI allowed Epstein and others to sex traffic and sexually abuse children and young women by failing to investigate the reports, tips, and evidence it had of "rampant sexual abuse and sex trafficking by Epstein." Compl. ¶ 1.

      Plaintiffs subsequently filed an *ex parte* motion for leave to proceed anonymously [ECF No. 4]. The Court denied the motion without prejudice. *See Doe 1 v. United States*, No. 1:24-CV-1071 (MKV), 2024 WL 1885188, at *1 (S.D.N.Y. Apr. 30, 2024). Shortly thereafter, Plaintiffs filed a renewed motion to proceed in this action under a pseudonym, which is now before the Court. [ECF No. 15] ("Pl. Mem."). At bottom, however, Plaintiffs' "renewed" motion is, in effect, an improper motion for reconsideration which merely seeks to relitigate the Court's prior decision by relying on arguments already raised and rejected in the underlying decision. *Analytical*

*Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal quotations and marks omitted) (A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' "). For that reason alone, the Court should deny Plaintiffs' motion.[1] In any event, Plaintiffs' motion still fails on the merits under *Sealed Plaintiffs*, and the motion is DENIED.

## LEGAL STANDARD

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). The Second Circuit has admonished that this Rule "cannot be set aside lightly." *Id.* at 189. "The people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Indeed, this "right is 'supported by the First Amendment.' " *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015)). In limited circumstances, a district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks and citation omitted) (alteration adopted). In *Sealed Plaintiff v. Sealed Defendant*, the Second Circuit identified a "non-exhaustive" list of considerations that a district court should take into account when ruling on a motion to proceed anonymously. 537 F.3d at 189.

---

[1] The Court also notes that Plaintiffs' *de facto* motion for reconsideration is also untimely, and thus, another reason to deny Plaintiffs' motion. *See* Local Civil Rule 6.3 ("[A] notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged.").

The *Sealed Plaintiff* factors are: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiffs] or even more critically, to innocent non-parties"; (3) "whether identification presents other harms"; (4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of [her] age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity"; (9) "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 190 (internal quotation marks and citations omitted) (alterations adopted).

## **DISCUSSION**

In its Opinion and Order denying Plaintiffs' first motion to proceed anonymously, *Doe 1 v. United States*, No. 1:24-CV-1071 (MKV), 2024 WL 1885188 (S.D.N.Y. Apr. 30, 2024), the Court walked through each of the *Sealed Plaintiff* factors individually and in depth, and ultimately determined that "the balance of interests at stake weigh[ed] against granting Plaintiffs' motion to proceed anonymously." 2024 WL 1885188, at *6.

In their renewed motion, Plaintiffs largely reassert the same arguments already considered and rejected by this Court. Plaintiffs instead appear to use their renewed motion primarily as an avenue to address the findings the Court made on Plaintiffs' original motion and argue why the Court should now find differently. Such second bites at the apple—*i.e.*, tediously parsing through the Court's opinion and attempting to convince the Court to change its mind—are improper. *See*

*Analytical Surveys*, 684 F.3d at 52. Therefore, for the purpose of conserving further judicial resources, the Court addresses only those arguments and facts which are actually new—and not merely a reframing of prior arguments—in order to determine whether such newly proffered information affects the balance of interests that the Court has already determined weigh *against* Plaintiffs proceeding anonymously.

With respect to the first factor identified in *Sealed Plaintiff*, Plaintiffs argue that this litigation involves matters that are highly sensitive and of a personal nature—a fact that the Court already emphasized was, indeed, true. *Doe 1*, 2024 WL 1885188, *2 ("The Court agrees that Plaintiffs' allegations of sexual assault are 'highly sensitive and of a personal nature,' and, thus, the first factor of *Sealed Plaintiff* weighs in favor of anonymity."). Accordingly, the balance of interests remains unchanged.

The second factor of *Sealed Plaintiff* is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiffs] or even more critically, to innocent non-parties." 537 F.3d at 190. The third factor of *Sealed Plaintiff* is similar to the second. The Court must consider whether identification presents "other" severe harms. 537 F.3d at 190. The Court previously held that "Plaintiffs' allegations of potential harm [were] too speculative and insufficient to outweigh the presumption in favor of openness in judicial proceedings." *See Doe 1*, 2024 WL 1885188, *3. Specifically, the Court emphasized that "nothing in the Complaint nor Plaintiffs' [first] motion reference[d] '[t]he risk of psychological injury *stemming from identification*.'" *Id*. (citing *Doe v. Solera Capital LLC*, 18-cv-1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019)) (emphasis in original). Moreover, the Court noted that, while Plaintiffs broadly argued that public disclosure of their identities would retraumatize them, "[w]ithout corroboration from medical professionals," their general allegations about a potential and conclusory risk of psychological injury could not

4

support a motion to proceed anonymously. *Doe 1*, 2024 WL 1885188, *3 (citing *Skyline Automobiles*, 375 F. Supp. 3d at 405).

Seemingly in response to the Court's opinion, Plaintiffs' renewed motion attaches an accompanying Declaration of Craig Katz, M.D., a licensed medical doctor who is board certified in psychiatry. *See* [ECF No. 15-2, Declaration of Craig Katz, M.D.] ("Katz Decl.") at ¶ 1. In his Declaration, Dr. Katz states that he has "reviewed *portions* of Jane Does 1-12 prior medical records and prior narratives." Katz Decl. at ¶ 2 (emphasis added). Dr. Katz does not claim that he has ever treated or even met with any of the Plaintiffs, let alone claim that he has reviewed *all* relevant medical records of Plaintiffs. Nevertheless, Dr. Katz's declares it is his opinion that "if the Jane Does are to proceed with the lawsuit by revealing their names publicly, the Jane Does 1-12 will experience substantial mental trauma and psychological damages." Katz Decl. at ¶ 2. In other words, despite never medically treating or meeting with any of the Plaintiffs, Dr. Katz asserts that all twelve Jane Does would suffer the specific sort of psychological injury stemming from identification that would warrant proceeding anonymously. The circumstances surrounding the promulgation of the Declaration are certainly suspect. For example, Plaintiffs do not explain why they failed to include such medical corroboration in their initial motion and only came forward with such *after* the Court pointed out the lack of medical corroboration. *Doe 1*, 2024 WL 1885188, *3. However, even accepting Dr. Katz's fairly general and boilerplate Declaration as true, as the Court explains more fully below, his opinion simply does not outweigh the strong presumption of public access to judicial proceedings—a presumption which "cannot be set aside lightly." *Sealed Plaintiff v*, 537 F.3d at 189.

The fourth factor of *Sealed Plaintiff* is "whether the plaintiff is particularly vulnerable," "particularly in light of [her] age." 537 F.3d at 190. In finding that this factor weighed against

Plaintiffs' request to proceed under a pseudonym, the Court previously noted that Plaintiffs did not allege—either in their Complaint or in their first motion to proceed anonymously—that they are currently minors, nor did they provide any allegation with respect to their ages more generally. *See Doe 1*, 2024 WL 1885188, *4. Now, in their renewed motion and accompanying Declaration, Plaintiffs assert that "several of the Jane Does were children, under the age of 18" when the alleged sexual abuse occurred. Pl. Mem. at 8. Plaintiffs again offer no explanation as to why they failed to include their ages in either their Complaint or prior motion. Nevertheless, Plaintiffs argue that their age at the time the abuse occurred make them particularly vulnerable.

Indeed, Courts have been more inclined to protect the privacy interests of minor plaintiffs than adults "because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation." *Doe v. Townes*, No. 19-CV-8034 (OTW), 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020). However, while Plaintiffs may have been minors when the abuse occurred, Plaintiffs are now adults with the capacity to make informed decisions for themselves. Plaintiffs have "chosen for [themselves] to pursue the litigation," *id.*, and ultimately, they have failed to identify any reason for the Court to treat them as more vulnerable than the run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny. *See, e.g.*, *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021) (denying motion to proceed anonymously because "though [plaintiff] brought allegations relating to alleged sexual abuse *as a minor, he now is an adult* in his 50s who has chosen to level serious charges against a defendant in the public eye.").

The fifth factor of *Sealed Plaintiff* is "whether the suit is challenging the actions of the government or that of private parties." 537 F.3d at 190. The Court previously found that this factor weighed in favor of Plaintiffs' motion because courts are less inclined to grant a motion to

6

proceed under a pseudonym when the suit involves only private parties. *See Doe 1*, 2024 WL 1885188, *4 (citing *Townes*, 2020 WL 2395159, at *3). As such, the balance of interests remains unchanged when considering this factor.

The sixth factor of *Sealed Plaintiff* is "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously." 537 F.3d at 190. Plaintiffs offer no new arguments with respect to this factor. Instead, Plaintiffs point out that the Government did not oppose the motion to proceed anonymously, and that the Government has been provided with Plaintiffs' names and contact information. However, the Government similarly had not filed an opposition to Plaintiffs' first motion to proceed anonymously, pursuant to which the Court found that balancing all of the factors weighed against Plaintiffs. *Doe 1*, 2024 WL 1885188, at *5. Moreover, the Court previously accepted as true Plaintiffs' representation that counsel would disclose Plaintiffs' names to Defendants. *Id*. Notwithstanding, the Court noted, that the United States may, for example, need to disclose Plaintiffs' names to at least some third parties if the United States intends to take non-party depositions. *Id*. And, in any event, "this unorthodox arrangement still runs against the public's traditional right of access to judicial proceedings." *Id*. (quoting *Michael v. Bloomberg L.P.*, 14-cv-2657, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015)). As Plaintiffs offer no new arguments or facts not already considered by the Court, the balance of interests remains unchanged by this factor.

The seventh factor of *Sealed Plaintiff* is "whether the plaintiff's identity has thus far been kept confidential." 537 F.3d at 190. Plaintiffs again offer no new arguments with respect to this factor, merely reiterating that Plaintiffs have taken steps to keep their identity confidential. Pl. Mem. at 9. The Court, however, considered this fact on Plaintiffs' first motion. *See Doe 1*, 2024 WL 1885188, at *5 ("Assuming that Plaintiffs have kept their identities confidential thus far, the

Court nonetheless finds that the balance of interests weighs against granting Plaintiffs' motion."). While the Court acknowledged that the seventh *Sealed Plaintiff* factor weighed in favor of Plaintiffs' motion, it concluded it weighed "somewhat less strongly" in favor, "while many of the other factors weigh against anonymity." *Id*. Accordingly, the balance of interests remains unchanged by this factor.

The eighth factor of *Sealed Plaintiff* is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." 537 F.3d at 190. The ninth factor is "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities." *Id*. Plaintiffs again reiterate precisely the same arguments already rejected by this Court on their first motion. For brevity's sake, the Court repeats that "[t]hese factors clearly weigh against Plaintiffs." *Doe 1*, 2024 WL 1885188, at *5. As a strong general presumption, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). Here, in particular, "[t]here is great public interest in not only the allegations against Epstein, but also in the identities of his accusers, and the government's investigation into his sex trafficking operation." *Doe 1*, 2024 WL 1885188, at *5. "[O]pen proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12-cv-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012). Indeed, this is exactly the kind of case that "further[s] the public's interest in enforcing legal and social norms." *Id*.; *see also, e.g.*, *Skyline Automobiles*, 375 F. Supp. 3d at 408.

The tenth and final factor of *Sealed Plaintiff* is whether any alternative mechanisms could protect the plaintiffs' interests in confidentiality. 537 F.3d at 190. Plaintiffs did not address this

factor in their first motion. In their renewed motion, Plaintiffs again fail to explain why less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, *see Doe v. Berg*, No. 15-CV-9787 (RJS), 2016 WL 11597923, at *2 (S.D.N.Y. Feb. 10, 2016), or a protective order, *Skyline Automobiles*, 375 F. Supp. 3d at 408, would not be sufficient in this case. Accordingly, consideration of factor ten does not alter the Court's conclusion.

The Court again finds that the balance of interests at stake weigh against granting Plaintiffs' renewed motion to proceed anonymously. The fundamental question is whether Plaintiffs have a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. The Court reiterates that Plaintiffs, of course, have a vested interest in protecting their privacy, particularly given the highly sensitive and personal nature of the allegations at they have made. Nevertheless, most *Sealed Plaintiff* factors weigh heavily against proceeding anonymously. In short, Plaintiffs have invoked the public forum of litigation in which there is a strong presumption of public access, and they have not provided sufficient justification to overcome the people's right to know who is using their courts. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

## CONCLUSION

For the reasons set forth above, Plaintiffs' renewed motion to proceed anonymously is DENIED. On or before August 30, 2024, Plaintiffs shall file an Amended Complaint properly suing in the names of the Individual Plaintiffs. The Clerk of Court is respectfully requested to terminate docket entry 4.

**SO ORDERED.**

**Date: August 8, 2024**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**